IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Richard Eugene Davidson, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> United States of America, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 8:11-3041-TMC-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motion for summary judgment (doc. 33) and the plaintiff's motion for summary judgment (doc. 40). The plaintiff, a federal prisoner proceeding *pro se*, alleges violation of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## FACTS PRESENTED

The plaintiff is presently incarcerated at the Federal Correctional Institution, Edgefield, South Carolina. He instituted this action under the FOIA to obtain records in the possession of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The plaintiff alleges the defendants' denial of his FOIA request was "arbitrary and completely inconsistent with Congressional mandates prescribed by the Administrative Procedures Act and Freedom of Information Action" (comp. 1).

On April 13, 2011, the Department of Treasury's Disclosure Services received a FOIA request dated April 6, 2011, from the plaintiff in which he specifically requested the following information regarding "Jackie Herndon (Bureau of Alcohol, Tobacco, Firearms,

and Explosives Agent/Employee); and Forest Webb (Bureau of Alcohol, Tobacco, Firearms and Explosives Agent/Employee)":

> Please disclose the following information for the aforementioned person(s):
>
> 1). Date which such person(s) was appointed as an "officer of the United States";
>
> 2). By whom such appointment was made;
>
> 3). Dated which such person(s) was commissioned by the President of the United States as an "officer of the United States";
>
> 4). Such person(s)' Oath of office; and
>
> 5). The date such Oath of office was taken.

(Peter J. Chisholm decl. ¶ 3, attach. A).

By letter dated April 13, 2011, the Director, Disclosure Services, Department of Treasury, informed the plaintiff that the information he sought in his April 6, 2011, FOIA request fell under the jurisdiction of ATF, and ATF was not part of the Department of Treasury. The same letter directed the plaintiff to send his request to ATF (Chisolm decl. ¶ 4, attach. B).

On May 23, 2011, the ATF Disclosure Division received a letter dated May 5, 2011, labeled FOIA file number #11-722, from the plaintiff written "in an attempt[] to clarify an apparent misunderstanding." The plaintiff informed ATF that his request was not for records regarding himself, but rather, his request was for records regarding a Jackie Herndon (alleged ATF Agent/Employee) and a Forest Webb (alleged ATF Agent/Employee). The plaintiff asserted that he was currently serving a 378-month federal prison sentence due to false accusations given to a Federal Grand Jury by Herndon. In addition, he alleged that Herndon used her false assertions to obtain a search warrant and

2

an arrest warrant. Thus, the plaintiff argued that his request could not reasonably be expected to interfere with enforcement proceedings (Chisolm decl. ¶ 10, attach. H).

By letter dated May 24, 2011, the ATF Disclosure Division responded to the plaintiff's letter dated May 5, 2011. ATF informed the plaintiff that it never received his letter dated April 6, 2011, which was addressed to the Department of the Treasury, requesting information regarding alleged ATF employees Herndon and Webb. The letter acknowledged that ATF had now received his FOIA request and that he would receive a response within 20 days (Chisolm decl. ¶¶ 11-12, attach. I).

By letter dated May 27, 2011, the ATF Disclosure Division informed the plaintiff that his request for information regarding the two alleged ATF employees was being denied pursuant to FOIA Exemption (b)(6). The plaintiff was further informed of his right to file an administrative appeal and the procedure for filing such an appeal (Chisolm decl. ¶ 13, attach. J).

By letter dated June 9, 2011, and received by the Department of Justice's Office of Information and Privacy ("OIP") on June 20, 2011, the plaintiff filed an administrative appeal (Chisolm decl. ¶ 14, attach. K). By letter dated June 24, 2011, OIP confirmed receipt of the plaintiff's appeal (*id.* ¶ 15, attach. L).

On July 8, 2011, the ATF Disclosure Division received a letter dated April 26, 2011, in which the plaintiff again requested information regarding two individuals, Herndon and Webb. In this request, the plaintiff requested six items of information regarding the two individuals, which was very similar in nature to his previous request dated April 6, 2011. Specifically, the plaintiff requested the following information for Herndon and Webb:

> 1). Date such person(s) was designated by the United States
> Attorney General to request search warrants;
>
> 2). Date which such person(s) was appointed as an officer of
> the United States;

3

   3). By whom such appointment was made;

   4). Copy of such person(s) Oath of Office;

   5). Copy of such person(s) commission; and

   6). Any and all information related to the Appointment and Commission of such person(s) as an "officer of the United States."

(Chisolm decl. ¶ 16, attach. M).

  By letter dated July 14, 2011, ATF responded to the plaintiff's FOIA request dated April 26, 2011. Specifically, ATF advised that the most recent request was for the same information requested by letter dated May 5, 2011, and that ATF's response remained the same, as set forth in its letter dated May 27, 2011 (Chisolm decl. ¶ 18, attach. O).

  By letter dated September 20, 2011, OIP affirmed ATF's action on the plaintiff's FOIA request. OIP informed the plaintiff of his right to judicial review in accordance with 5 U.S.C. § 552(a)(4)(B) (Chisolm decl. ¶ 19, attach. P). The complaint in this action was filed on November 3, 2011.

  The defendants filed a motion for summary judgment on March 7, 2012. On March 8, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response and his own motion for summary judgment on April 5, 2012. The defendants filed their response on September 11, 2012.[1]

---

[1]The Clerk of Court originally did not docket the plaintiff's response to include his own motion for summary judgment. The oversight was corrected on August 28, 2012. Accordingly, the defendants' response was due 14 days later.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the the the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

5

"FOIA provides that federal agencies shall 'upon any request for records which . . . reasonably describes such records . . . make the records promptly available to any person,' 5 U.S.C. § 552(a)(3)(A), unless a statutory exemption applies, *see* 5 U.S.C. § 552(b)." *Casa de Maryland, Inc. v. United States Dep't of Homeland Sec.*, 409 F. App'x 697, 698 (4th Cir. 2011). The Fourth Circuit has recognized that "FOIA cases are generally resolved on summary judgment once the documents at issue have been properly identified." *Wickwire Gavin, P.C. v. United States Postal Service*, 356 F.3d 588, 591 (4th Cir. 2004). This is because in FOIA cases there is rarely a factual dispute, only a legal dispute over how the law is to be applied to the documents withheld. *See Schiffer v. F.B.I.*, 78 F.3d 1405, 1409 (9th Cir. 1996). Title 5, United States Code, Section 552 provides that "[o]n complaint, the district court of the United States[2] . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The district court's review is *de novo*, and the court "may examine the contents of such agency records *in camera* to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in [§ 552(b)]." *Id*. The agency has the burden to show that the documents at issue should be withheld. *Id*. FOIA "mandates a strong presumption in favor of disclosure," and the FOIA exemptions in subsection (b) must be "narrowly construed." *Multi Ag Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1227 (D.C. Cir. 2008) (internal citations and quotations omitted). In a FOIA lawsuit, courts generally give no deference to an agency's determination that a FOIA exemption applies. 4 Charles H. Koch, Jr., *Administrative Law & Practice* § 14:25(1)(d) (3d ed. 2010) (discussing judicial review). "In

---

[2]Pursuant to the statute, venue is proper in any district court where the complainant resides or has his principal place of business or where the records are located. Further, venue is proper in the District of the District of Columbia. 5 U.S.C. § 552(a)(4)(B). Accordingly, many of the recent reported appellate FOIA decisions are from the United States Court of Appeals for the District of Columbia Circuit.

order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." *Carney v. United States Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." *Id.* (footnote omitted).

In support of the defendants' motion for summary judgment, Peter J. Chisholm, Acting Chief, Disclosure Division, ATF, provided a declaration explaining the reasons for withholding the requested records. Specifically, the defendants claim that the withheld information falls under FOIA Exemption (b)(6), which protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." *See* 5 U.S.C. § 552(b)(6). According to Mr. Chisolm, because of the nature of the records requested, no search was conducted. He testified that if the records requested exist, they would be contained in the personnel file of the alleged agents (Chisolm decl. ¶ 31).

On September 12, 2012, the undersigned directed the defendant ATF to produce the documents at issue in this matter so that the court may review the contents *in camera* to determine whether the documents or any part thereof shall be withheld under Exemption (b)(6) of Section 552. ATF conducted a search and provided the undersigned with the following responsive documents: a copy of Herndon's Standard Form 50-B effective September 24, 1989, identifying her as a Criminal Investigator, 1811; a copy of Herndon's Appointment Affidavit signed September 25, 1989, which includes the oath of office; an unsigned copy of Herndon's ATF credentials; a copy of a Notification of Personnel Action for Herndon reflecting her retirement date as November 30, 2011; a copy of Webb's Standard Form 50-B effective June 30, 1991, identifying him as a Criminal Investigator,

1811; and a signed copy of Webb's ATF credentials. Johnny D. Rosner, the Acting Chief, Disclosure Division, ATF, provided a declaration stating Herndon was allowed to keep the only signed copy of her ATF credentials upon retirement. The defendants also submitted for *in camera* review an email from ATF's Physical Security Program Branch stating that Herndon's credentials were sent to her upon her retirement. Acting Chief Rosner stated that Webb possessed the only signed copy of his credentials, and the copy submitted to the court was a true and accurate copy of those credentials. Acting Chief Rosner further attested that a search of Webb's official personnel file was conducted, no oath of office document was located in the file, and Acting Chief Rosner was informed that this was the only location such a document would be found.

The determination of whether Exemption (b)(6) applies requires a two-step inquiry. "First, we must determine whether the personal information is contained in a file similar to a medical or personnel file." *Wood v. F. B. I.*, 432 F.3d 78, 86 (2d Cir. 2005). The agency has satisfied the first step as the requested information was found in Webb's and Herndon's personnel files. "At the second step of the analysis under Exemption 6, we balance the public's need for the information against the individual's privacy interest to determine whether the disclosure ... would constitute a 'clearly unwarranted invasion of personal privacy." *Id.* (quoting 5 U.S.C. § 552(b)(6)). The Second Circuit has explained:

> The privacy side of the balancing test is broad and encompasses all interests involving the individual's control of information concerning his or her person. On the other side of the balance, the relevant interest is the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to.

*Id*. at 88 (internal quotations and citations omitted).  Because disclosure of government records is presumed, FOIA exemptions are to be narrowly construed in favor of disclosure. *United States Department of Justice v. Landano*, 508 U.S. 165, 181 (1993).

In his response in opposition to the defendants' motion and in support of his own motion for summary judgment, the plaintiff notes that the names of Herndon and Webb and their status as ATF agents were previously made known to the public through judicial proceedings, and thus Exemption (b)(6) does not apply.  Specifically, in the plaintiff's criminal trial, Webb testified that he was "a special agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives" (pl. m.s.j. 6-7, ex. 1).  Further, Herndon signed as the arresting officer on the Return on the Warrant for Arrest of the plaintiff.  She indicated her title was "Special Agent" (*id.,* ex. 2).  As set forth above, the information sought by the plaintiff relates to Webb's and Herndon's "authority to act on behalf of and in the name of the United States" (pl. reply 3).

This court has now reviewed the submitted documents and finds that, with certain redactions of personal information, the documents do not fall with Exception (b)(6). *See Trupei v. Drug Enforcement Admin.*, No. Civ. A. 04-1481 EGS, 2005 WL 3276290, at *2 (D.D.C. Sept. 27, 2005) (ordering DEA to release a retired DEA Special Agent's unredacted oath of office and noting that the government had provided unredacted copies of oaths of office without having to obtain a court order in other actions of which the judge was aware).  A few of the documents at issue here contain Herndon's or Webb's personal information, including salaries, Social Security numbers, addresses, and dates of birth. Clearly, the balancing test with regard to that information weighs in favor of nondisclosure as disclosure of that information would not shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to.  However, this court finds that the information in the documents regarding Webb's and Herndon's appointments as ATF agents, oath of office, and credentials are not the type of personal,

9

private information that courts have held to be protected under Exemption (b)(6), and the defendants have failed to satisfy their burden of justifying nondisclosure of the redacted documents. Accordingly, ATF should be directed to release to the plaintiff a copy of Herndon's Standard Form 50-B effective September 24, 1989, *with her Social Security number, date of birth, and salary information (including grade and step) redacted*; a copy of Herndon's Appointment Affidavit signed September 25, 1989, which includes the oath of office; an unsigned copy of Herndon's ATF credentials *with the SA number redacted*; a copy of Herndon's Notification of Personnel Action reflecting her retirement date as November 30, 2011, *with her Social Security number, date of birth, forwarding address, unused annual leave information, and salary information (including grade and step) redacted*; a copy of Webb's Standard Form 50-B effective June 30, 1991, *with his Social Security number, date of birth, and salary information (including grade and step) redacted*; and a signed copy of Webb's ATF credentials *with the SA number redacted*.

As noted above, ATF did not locate an oath of office document for Webb. Acting Chief Rosner attested that a search of Webb's official personnel file was conducted, and he was informed that this was the only location such a document would be found. He further attested that Herndon was allowed to keep the only signed copy of her ATF credentials upon retirement. Also, the defendants submitted to the court for *in camera* review an email from ATF's Physical Security Program Branch stating that Herndon's credentials were sent to her upon her retirement.

> When, as in this case, responsive records are not located, the agency prevails on a motion for summary judgment if it shows "beyond material doubt [ ] that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. United States Dep't of Justice*, 705 F.2d 1344, 1351 (D.C.Cir.1983). . . . In determining the adequacy of a FOIA search, the court is guided by principles of reasonableness. *See Campbell v. United States Dep't of Justice*, 164 F.3d 20, 28

> (D.C.Cir.1998). An agency is required to produce only those records in its custody and control at the time of the FOIA request. *McGehee v. Central Intelligence Agency*, 697 F.2d 1095, 1110 (D.C.Cir.1983).

*Trupei*, 2005 WL 3276290, at *1. This court finds that the defendants have shown that a search was conducted that was reasonably calculated to uncover all relevant documents. Accordingly, this court recommends that summary judgment be granted to the defendants with regard to the oath of office document for Webb and the signed copy of Herndon's credentials.

## **CONCLUSION AND RECOMMENDATION**

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the defendants' motion for summary judgment (doc. 33) be granted as to the adequacy of the search for responsive documents that were not located and denied as to the documents submitted for *in camera* review with certain redactions as set forth above. It is further recommended that the plaintiff's motion for summary judgment (doc. 40) be granted in part and that the defendants be ordered to produce the documents submitted for *in camera* review with certain redactions as set forth above.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

November 13, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.