IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Richard Eugene Davidson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 8:11-cv-3041-TMC |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Richard Eugene Davidson (Davidson), a federal prisoner proceeding *pro se*, brought this action, alleging violations of the Freedom of Information Act, 5 U.S.C. § 552 (FOIA). This matter is before the court for review of the Report and Recommendation of the United States Magistrate Judge (Report), made in accordance with Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e), concerning the disposition of pretrial matters involving *pro se* litigants in this district. (Dkt. No. 54.)[1]

Davidson initiated this action in order to obtain records requested from the Bureau of Alcohol Tobacco Firearms and Explosives (ATF). (Dkt. No. 1.) Davidson alleges that ATF's denial of his FOIA request was arbitrary and inconsistent with Congressional mandates. Specifically, Davidson requested information regarding two ATF employees, Special Agent Webb and retired Special Agent Herndon. ATF moved for summary judgment on March 7, 2012, asserting that all records withheld or redacted fall under legal exemptions to the disclosure requirements. (Dkt. No. 33.) Davidson responded and also moved for summary judgment on

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

April 5, 2012, arguing that those legal exemptions are inapplicable. (Dkt. No. 37.) The magistrate judge issued the Report on November 13, 2012, recommending granting in part and denying in part both summary judgment motions. (Dkt. No. 54.) ATF timely objected to the Report on November 28, 2012. (Dkt. No. 27.)[2] Davidson responded to ATF's objections on December 6, 2012. (Dkt. No. 59.) This matter is now ripe for review.

In its objection, ATF seeks to exclude photographs contained in Special Agent Webb's and retired Special Agent Herndon's credentials. Davidson agrees that the photos should be excluded.

After a careful review of the pleadings, motions for summary judgment and supporting memoranda, and the objections, the court finds that the Report is proper and the same is incorporated herein by reference. Accordingly, the court adopts the Report in its entirety, with the additional requirement that ATF exclude or redact the photographs of Special Agent Webb and retired Special Agent Herndon contained in their credentials. Defendants' motion for summary judgment (Dkt. No. 33) is hereby GRANTED as to the adequacy of the search for responsive documents that were not located and DENIED as to the documents submitted for in camera review, with redactions as set forth in the Report. Further, plaintiff's motion for summary judgment (Dkt. No. 40) is GRANTED IN PART and the defendants are ordered to produce the documents submitted for in camera review, with the redactions set forth in the Report.

IT IS SO ORDERED.

s/ Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 6, 2012

---

[2] Although ATF styled its filing as a motion for clarification, because it was addressed to this court and not the magistrate judge, we construe it as objections to the Report as written.